DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING & TRANSPORTATION, LLLP,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL INDUSTRIAL SERVICES, LLC,<br><br>Defendant. | CASE NO.: 1:24-CV-00023<br><br><br>ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |

**DEFENDANT NATIONAL INDUSTRIAL SERVICES, LLC'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE**

Filed concurrently herewith, Defendant National Industrial Services, LLC. ("Defendant") filed a Motion to Transfer Venue (the "Motion") pursuant to 28 U.S.C. § 1412 from this honorable court to the United States Bankruptcy Court for the Southern District of Texas ("Home Court"). In support of the Motion, Defendant respectfully states as follows:

**I.      BACKGROUND AND INTRODUCTION**

1. Through its Complaint, Plaintiff Port Hamilton Refining and Transportation LLLP. ("Plaintiff") is abusing the judicial process and intentionally violating a federal bankruptcy court order to illegally take from Defendant scaffolding (the "Scaffolding") that is now and has always been Defendant's property. *See Complaint*, Exhibit "A" of the Notice of Removal [Doc. No. 1]. To muddy the waters and confuse the courts, Plaintiff asserts half claims and misleading jargon purporting to state various breaches of contract that have no bearing whatsoever on the core question at the heart of this matter: Did Plaintiff purchase the Scaffolding or the right to purchase the Scaffolding for *one dollar* through the Home Court bankruptcy proceeding? It did not.

1

2. On December 21, 2021, the Home Court approved a sale order (the "Sale Order") under section 363 of the Bankruptcy Code related to Plaintiff's purchase of various assets of Limetree Bay Refining, LLC ("LBR"). *In re Limetree Bay Services, LLC., et al.*, Case No. 21-32351 (Bank. S.D. Tex. Dec. 21, 2021) (the "Bankruptcy Proceedings"). The Sale Order and the attached Asset Purchase Agreement ("APA") delineated what assets Plaintiff acquired and did not acquire from LBR.[1] *Id.*

3. The Scaffolding is not included anywhere in the Sales Order, the APA, or anywhere else in the extensive documentation of the Bankruptcy Proceedings. The reason why is obvious: the Scaffolding was not an asset of LBR and could never have been sold in the Bankruptcy Proceeding.

4. However, according to Plaintiff, somewhere buried in the documents of a one-hundred-forty-three-million-dollar bankruptcy sale was a wholly mysterious, unstated, unspecified, not-listed, not mentioned by anyone asset worth over eight-million-dollars that was purchased without any proof or documentation whatsoever—Defendant's Scaffolding. While this is plainly ridiculous, that is Plaintiff's argument. Therefore, this dispute, such as it is, turns on an interpretation of the Sale Order and any other Bankruptcy Proceedings upon which Plaintiff relies. Accordingly, it belongs in and should be transferred to its Home Court so that the same Court which entered the Sale Order may also construe it.

5. What's more, the Sales Order contains a retention-of-jurisdiction provision, which states:

> This Court [i.e., United States Bankruptcy Court for the Southern District of Texas] retains jurisdiction to, among other things, interpret, enforce, and implement the terms and provisions of this Sale Order and the APA, all amendments thereto, any waivers and consents thereunder, and each of the agreements executed in connection therewith in all respects, including, but not limited to, retaining jurisdiction to: . . . (c**) resolve any disputes**

---

[1] The Sales Order and the APA are attached hereto for the Court's convenience as Exhibits 1 and 2.

2

**arising under or related to the APA**, except as otherwise provided therein… Ex. 1 (Sales Order), ¶ 9 (emphasis added).

6. Likewise, the APA includes a forum selection clause to which Plaintiff agreed to be bound if Plaintiff wanted to bring a claim "relating to" the APA. It states:

> [Plaintiff] and Sellers agree that the [United States Bankruptcy Court for the Southern District of Texas] shall retain sole jurisdiction over any legal action or proceeding with respect to this Agreement. Each of [Plaintiff] and Sellers irrevocably waives any objection, including any objection to the laying of venue or based on the grounds of forum non conveniens, which it may now or hereafter have to the bringing of any action or proceeding in such jurisdiction in respect of this Agreement or the transactions contemplated hereby. [Plaintiff] and Sellers consent to the jurisdiction and authority of the [United States Bankruptcy Court for the Southern District of Texas], including, without limitation, to the entry of final orders, decrees and judgments with respect to *any matters arising under or relating to this Agreement* or the transaction(s) contemplated hereby. Ex. 2 (APA), § 11.9 (emphasis added).

7. In bringing this matter to the Superior Court originally and now opposing this motion, Plaintiff asks this Court to: (1) ignore the Home Court's specific reservation of jurisdiction to determine matters exactly akin to those asserted by Plaintiff, (2) ignore the forum selection clause to which Plaintiff specifically agreed; (3) ignore the Home Court's presumption of jurisdiction; (4) ignore all applicable law with regard to venue transfer; (5) force the adjudication of this matter in two forums in two separate states; and (6) expend further judicial resources on a desperate, bad-faith claim.

## II.   Argument

8. "Removal of a state court case to a bankruptcy court located in a federal district other than the district in which the state court is located is normally a two-step process." *In re Bisno*, 433 B.R. 753, 757 (Bankr. C.D. Cal. 2010). "First, the removing party removes the state court case to the local bankruptcy court whose district encompasses the state court where the case

is pending. Second, the removing party (or any other party in interest) files a motion in that bankruptcy court to transfer the removed case to the district where the relevant bankruptcy case is pending." *Id.*

9. Based on this well-established procedure, Defendant removed this case to this Court, and Defendant now request it to be transferred to the United States District Court for the Southern District of Texas for immediate referral to the District's bankruptcy court, the Home Court of the Bankruptcy Proceedings.

10. The operative jurisdictional statute is 28 U.S.C. § 1452(a) which provides that "a party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Hence, § 1452(a) thus has two requirements: (i) the civil action must be removed to the local federal court where the civil action is pending sometimes called the "outpost court," (as distinct from the "home court," where the bankruptcy was filed); and (ii) jurisdiction must exist under 28 U.S.C. § 1334. *Id.* Defendants satisfied the first requirement by filing the Notice of Removal in this Court.

11. This Court has jurisdiction over this case, because it arises in or is related to the Bankruptcy Proceedings in the Southern District of Texas. Jurisdiction exists under § 1334(b) if the civil action "arises in" or is "related to" a case or proceeding under Title 11. 28 U.S.C. § 1334(b). This matter satisfies both "arising in" and "related to" jurisdiction.

12. As to "arising in," as Plaintiff's claims require interpreting the Home Court's Sale Order and APA, the Home Court retains jurisdiction under 28 U.S.C. §1334 over these estate property disputes. Claims of this nature—interpreting the Sale Order are within the core, "arising in" jurisdiction of the federal bankruptcy courts. *See Gov't of the Virgin Islands v. John K. Dema,*

4

*P.C.*, 2020 VI SUPER 19, ¶ 17, 72 V.I. 404, 412 (quoting *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009)). Plaintiff's claims and facts derive from issues of federal bankruptcy law and interpretation of the Sale Order, a fundamentally core bankruptcy proceeding.

13. Likewise, this matter satisfies the "related to" jurisdiction. "A proceeding is considered to be 'related to' a bankruptcy case for purposes of establishing jurisdiction if the 'outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.'" *Lichtenfels v. Electro-Motive Diesel, Inc.*, Case No. 09-1590, 2010 U.S. Dist. LEXIS 15079, at *2 (W.D. Pa. Feb. 22, 2010). "[J]urisdiction will exist so long as it is possible that a proceeding may impact on the debtor's rights, liabilities, options, or freedom of action or the handling and administration of the bankrupt estate." *In re Marcus Hook*, 943 F.2d 261, 266 (3d Cir. 1991)).

14. More specifically, Third Circuit courts have found when a claim or defense turns on the interpretation of a sale order in a bankruptcy matter that case "relates to" the bankruptcy matter providing federal jurisdiction under § 1334(b). *See*, *i.e.*, *Clark v. Chrysler Group, LLC*, Case No. 10-3030, 2010 U.S. Dist. LEXIS, at *18 (E.D. Pa. Nov. 5, 2010) ("Because the threshold question of Defendant's liability for the claim asserted in this case would require the interpretation of the Sale Order of the Bankruptcy Court, this case is 'related to' the bankruptcy case."); *Dearden v. FCA U.S. LLC*, Case. No. 5:16-cv-00713, 2017 U.S. Dist. LEXIS 48751, at *13 (E.D. Pa. Mar. 31. 2017) (finding a matter is "related to" a bankruptcy proceeding when resolution of the matter "necessarily requires interpretation of the Sale Order.").

15. In this action, every claim asserted by Plaintiff hinges upon Plaintiff purchasing the Scaffolding pursuant to the Sale Order and APA. Resolving that claim, baseless as it may be,

requires interpretation of the Sale Order and attached APA, this Court has jurisdiction under § 1334(b), this matter was properly removed and may be transferred to the Home Court.

**A. This case should be transferred in the interests of justice.**

16. "The Third Circuit…consistently applied § 1412 to transfer of 'related to' bankruptcy proceedings." *Tatum v. Chrysler Grp., LLC*, Civ. A. No. 10-4269, 2011 WL 6303290, at *1 (D.N.J. Dec. 16, 2011); *Thomason Auto Grp.*, Case No. 08-3365, 2009 WL 512195, at *6 (applying § 1412 instead of the general venue transfer statute 28 U.S.C. § 1404(a) to motion to transfer action related to bankruptcy proceeding). "A district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." *Thomason Auto Group, LLC* at *11.

17. This is logical as the plain language of § 1412 states that it applies to a change of venue concerning a case or proceeding under Title 11 (the Bankruptcy Code), while the language in § 1404(a) refers only to a "civil action" and fails to mention language peculiar to bankruptcy jurisdiction and venue statutes, including "case," "proceeding" and "Title 11." Likewise, Rule 7087 of the Federal Rules of Bankruptcy Procedure which governs adversary proceedings of state actions removed to bankruptcy court pursuant to 28 U.S.C. § 1452, references 28 U.S.C. § 1412, not § 1404(a).

18. Following removal, Bankruptcy Rule 7087 permits transfer of the case pursuant to 28 U.S.C. § 1412, under which the outpost court may transfer the case to the home court "in the interest of justice or for the convenience of the parties." "Section 1412 of title 28 applies to changes of venue both of (a) cases under title 11, and (b) civil proceedings arising under title 11, or arising in or related to cases under title 11[.]" *Miller v. Chrysler Grp., LLC*, Case No. 12-760, 2012 WL

6093836, at *3 (D. N.J. Dec. 7, 2012) (citing *Collier on Bankruptcy* ¶ 4.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)).

19. "It has been observed that § 1412 is . . . written in the disjunctive, making transfer of venue appropriate *either* in the interest of justice *or* for the convenience of the parties, and that this statutory provision creates two distinct analytical bases upon which transfer of venue may be grounded." *In re Qualteq, Inc.*, No. 11-12572, 2012 Bankr. LEXIS 503, at *6 (Bankr. D. Del. Feb. 16, 2012) (emphasis original).

20. The "interest of justice" analysis "often begins with recognition of the 'home court' presumption[.]" *In re Fountain Vill. Dev.*, Case No. 94-17974SR, 2014 WL 4656506, *4 (Bankr. D. Alaska Sept. 16, 2014). Courts in the Third Circuit routinely recognize the "Home Court" presumption where, as here, the "home court" is the venue where the bankruptcy is pending. *See, e.g.*, *Fire Ground Techs., LLC v. Hometown Restoration, LLC*, Case No. 21-19915, 2022 U.S. Dist. LEXIS 87589, at *6 (finding that home court presumption is the "principal" factor in determining transfer of venue for bankruptcy matters); *George Junior Republic in Pa. v. Williams*, Civ. A. No. 07-4537, 2008 U.S. Dist. LEXIS 22682, at *16 (E.D. Pa. Mar. 19, 2008) (home court of the bankruptcy to which the removed case is related is often "in the best position to evaluate the claims and determine whether remand is appropriate."); *Hohl v. Bastian*, 279 B.R. 165, 177 (W.D. Pa. 2002) ("[T]he home court presumption provides that the court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts.").

21. The Home Court presumption is even stronger where, as here, the Home Court specifically retained jurisdiction. *In re NE Opco, Inc.*, 513 B.R. 871 (Bank. Del. Aug. 8, 2014)

("It is well-settled that a bankruptcy court retains jurisdiction to interpret and enforce its prior orders, especially where, as here, the bankruptcy court expressly retains jurisdiction to do so.").

22. Similarly, pursuant to the Sales Agreement and APA, Plaintiff agreed to bring any claims "relating to" the APA to the Home Court for adjudication. Ex. 2 (APA), § 11.9 (emphasis added). Without question, Plaintiff's claim that the Scaffolding (or the right to purchase the Scaffolding for one dollar) *was* included in the APA *relates to* the APA. It is irrelevant that Defendant is not a party to that agreement, Plaintiff bound itself to filing claims relating to the APA in the Home Court.[2] Importantly, the Home Court sanctioned and approved the Sales Order and APA in partial reliance on that forum selection clause (along with its own retention of jurisdiction).

23. In determining whether venue transfer under § 1412 is in the interest of justice, courts may consider factors including: "(1) the economics of estate administration; (2) a presumption in favor of the home court; (3) judicial efficiency; (4) the ability to receive a fair trial; (5) the state's interest in having local controversies decided within its borders; (6) the enforceability of any judgment; and (7) plaintiff's choice of forum." *Perno v. Chrysler Grp., LLC*, Civ. A. No. 10-5100, 2011 U.S. Dist. LEXIS 2425, at *4 (D.N.J. Mar. 10, 2011).

---

[2] Even if it is argued that Defendant, as a non-signatory to the APA, is attempting to enforce the retention-of-jurisdiction forum selection clause against Plaintiff, Defendant could enforce the clause against Plaintiff because Plaintiff relies on it for its claims. *See* Complaint ¶¶ 44-46, Exhibit "A" of the Notice of Removal [Doc. No. 1]. The controlling doctrine for federal enforcement of a forum selection clause, known as the *intertwined-claims doctrine* or the *Grigson test*, dictates that federal law applies when evaluating the enforceability of such clauses in federal court. This is illustrated in the cases *Vartec Telecom, Inc. v. BCE Inc.*, where the court applied federal law to determine the enforceability of a forum selection clause by non-signatories, No. 3:02-CV-2585-M, 2003 WL 22364302, at *2–5 (N.D. Tex. Oct. 9, 2003); and further supported by *E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, which cited several federal cases applying this intertwined-claims doctrine of estoppel, 269 F.3d 187, 201 (3d Cir. 2001). The doctrine allows non-signatories to enforce a forum selection clause against a signatory plaintiff when the plaintiff's claims rely on the terms of the agreement containing the forum selection clause, as cited in *Vartec*, 2003 WL 22364302, at *2 (citing *Grigson v. Creative Artists Agency*, L.L.C., 210 F.3d 524, 527 (5th Cir. 2000)). It prevents parties from having it "both ways" by asserting claims linked to the agreement while disregarding its forum selection clause, as detailed in *Vartec*, 2003 WL 22364302, at *2, *4–5.

24. This Court must begin with the presumption that this case should be transferred to where the relevant bankruptcy is pending. Therefore, the presumption in favor of the "home court" weighs heavily in favor of transfer to the Southern District of Texas.

25. The bankruptcy courts in the Southern District of Texas are well known for their sophistication and efficiency. The Home Court will already be familiar with the entirety of the Bankruptcy Proceedings and be routinely hearing motions related thereto. Furthermore, the Liquidation Trustee Appointed by the Home Court plays an important role in the resolution of the litigation from Defendant's perspective. Therefore, the judicial efficiency and economics of administration factors weigh in favor of transferring venue to the Southern District of Texas.

26. There have been no allegations that any party would be unable to receive a fair trial in either venue. Both venues are highly respected and capable. If a jury trial is necessary on any tort issues, the bankruptcy court can conduct one with the agreement of the parties, or can refer that to the district court. The factor of whether a party could receive a fair trial is neutral.

27. In the claims that Plaintiff has lodged against the Defendant, there are none that are so-state-specific that Texas bankruptcy could not adjudicate them. Claims for breach of contract, conversion, and past breaches of contract – none of these are local controversies that the Virgin Islands has a specific interest in ensuring are decided within its borders.

28. Given the size of the asset Plaintiff claims the Home Court simply missed, the Home Court, no matter the outcome of this motion, will have to adjudicate this massive undisclosed asset (assuming Plaintiff's theory is correct). This will, without question, implicate the administration of the estate. Likewise, Defendant will have to file motions in the Home Court regarding the meaning of the Sale Order and APA that Court entered and over which it specifically retained jurisdiction. Therefore, Defendant will have to litigate in both this court and the Home

Court. This would be incredibly inefficient and could ultimately result in conflicting rulings. The most efficient and economic administration of the estate and this matter would be to transfer to the Home Court.

29.     Therefore the § 1412 "interest of justice" factors weigh in favor of transferring the case to the Southern District of Texas.

## CONCLUSION

Defendant respectfully requests this Court grant the Motion and transfer the Action to the United States District Court for the Southern District of Texas whereby it may be immediately referred to the United States Bankruptcy Court for the Southern District of Texas, Dallas Division, and grant any other and further relief as the Court deems appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I hereby certify that counsel for the movant has conferred with all parties or nonparties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

Dated: September 20, 2024

/s/Kevin F. D'Amour
KEVIN F. D'AMOUR, ESQ.
kdamour@usvilawfirm.com
VI Bar No. 288
BARNES, D'AMOUR & VOGEL
P.O. Box 224589
St. Croix, VI 00822
Tel: (340) 773-2785/Fax: 774-8189
*Attorneys for Defendant, National Industrial Services, LLC*