IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING & TRANSPORTATION, LLLP,<br><br>    PLAINTIFF,<br><br>  VS.<br><br>NATIONAL INDUSTRIAL SERVICES, LLC<br><br>    DEFENDANT. | CASE NO. 1:24-CV-00023<br><br>ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |

## EMERGENCY MOTION TO EXTEND TEMPORARY RESTRAINING ORDER

Plaintiff, Port Hamilton Refining & Transportation, LLLP ("Port Hamilton"), moves for an emergency order extending the Superior Court's temporary restraining order entered in this case until such time as this Court has the opportunity to schedule a preliminary injunction hearing and/or rule upon Port Hamilton's motion to remand to the Superior Court.[1] Pursuant to LRCi 7.1, Port Hamilton sought National Industrial Services' ("NIS") concurrence in this motion but it declined to concur.

## BACKGROUND

On August 20, 2024, Port Hamilton filed a verified complaint (Doc. No. 1-2) and emergency motion in support of the issuance of a temporary restraining order (Doc. No. 1-4 [motion];1-5 [memorandum]) seeking a temporary restraining order, preliminary

---

[1] Port Hamilton anticipates filing such a motion by Monday, September 23, 2024.

injunction and permanent injunction to halt National Industrial Services' ("NIS") ongoing theft of scaffolding and scaffolding-related equipment from it. It did so because at the time, NIS had staged eight flat bed trailers that it had loaded with Port Hamilton's scaffolding with an intent to remove it from the refinery property and ship it off of St. Croix. (Doc. No. 1-2, ¶54.) Prior to filing the complaint, Port Hamilton's investigation had determined that NIS had stolen more than 165.5 tons of scaffolding and scaffolding-related equipment from the refinery.[2]

As indicated in the certificate of service in the motion for the TRO (Doc. No. 1-4 at 3), Port Hamilton emailed copies of the Verified Complaint, the motion for TRO, and the memorandum in support of the motion to NIS's principal as well as its counsel on August 20, 2024. The Superior Court issued a TRO on August 23, 2024 (Doc. No. 1-6) and scheduled an expedited evidentiary hearing on the preliminary injunction request for August 28, 2024. Thus, the TRO was issued "with notice."

NIS filed an opposition to the motion for TRO on August 27, 2024. At the August 28, 2024 preliminary injunction hearing, NIS orally challenged the Superior Court's jurisdiction, claiming that the issues raised by Port Hamilton were within the exclusive jurisdiction of the bankruptcy court in the Southern District of Texas that had presided over the bankruptcy of Limetree Bay Refining. The Superior Court took the matter under advisement and announced that it intended to proceed with the

---

[2] Since the filing of the complaint, Port Hamilton has identified additional shipments, totaling another *220 tons* of scaffolding and scaffolding-related equipment that NIS removed from the refinery.

evidentiary hearing, at which time NIS announced that it was not prepared to proceed. After considering the matter, the Superior Court continued the hearing to September 18, 2024 and directed the parties to file simultaneous briefs addressing the jurisdictional issue by September 13, 2024.[3] The court also extended the TRO until September 18, 2024. Doc. No. 1-25.

On September 18, 2024, the hearing convened with the court hearing further argument on the jurisdictional issue. After a recess, the court announced that it was satisfied that it had jurisdiction and denied NIS's oral motion. The court then asked if the parties were prepared to proceed. NIS announced that, it had been waiting to decide whether to remove the case until the court decided the jurisdictional issue and that given the court's denial of its oral motion challenging jurisdiction, it intended to remove the case to this Court within an hour. At Port Hamilton's request, the court entered an oral order extending the TRO for five days, to September 25, 2024, so that this Court would have an opportunity to address the TRO and schedule a preliminary injunction hearing. *See* Exhibit 1, transcript of Sept. 18, 2024 hearing at 55.[4] The case was removed after this order. *See id*. at 76-77.

**GOOD CAUSE EXISTS TO EXTEND THE TRO**

**A. PORT HAMILTON MET, AND CONTINUES TO MEET, THE STANDARD FOR THE GRANT OF A TRO.**

---

[3] Port Hamilton's jurisdictional brief is filed with this Court as Doc. No. 1-30 through 1-32. NIS's jurisdictional brief is filed with this Court as Doc. No. 1-33.

[4] Under V.I. R. Civ. P. 6(a)(1)(B), only business days are counted when computing periods of time if the period of time is 14 days or less.

In determining whether to extend a TRO, a court considers the same factors used in determining whether to issue a TRO: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction. *PUI Audio, Inc. v. Van Den Broek*, No. 3:21-CV-284, 2021 WL 5164935, at *5 (S.D. Ohio Nov. 4, 2021). Though pre-removal state-court rulings cannot set the law of the case in federal court, they are entitled to some deference during post-removal proceedings. *Smith v. Amedisys, Inc.*, 298 F.3d 434, 448 n. 11 (5th Cir.2002); *see also*, *Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1010 (S.D. Ohio 2007) ("[T]his Court . . . credits for present purposes the state court's finding that Plaintiff will suffer irreparable harm in the absence of a temporary restraining order.").

Here, the Superior Court found that the requirements for issuance of a TRO were met. Doc. No. 1-6. The court ruled on the basis of Port Hamilton's verified complaint and its memorandum in support of the TRO. After the TRO was entered, NIS filed an opposition to the motion (Doc. No. 1-11) that consisted largely of unsworn argument by its counsel that was not supported by the documents attached to the motion.[5]

Since the issuance of the original TRO, the threat of irreparable injury to Port Hamilton has increased. As shown by the attached declaration of David Johnson, a Board Member and Director of Port Hamilton, within the last two weeks, Port

---

[5] For example, there was no competent evidence challenging Port Hamilton's evidence of irreparable injury.

Hamilton has entered into non-exclusive letters of intent with two potential investors who would fund the restart of the refinery. Port Hamilton is examining both proposals and the two potential investors are engaged in due diligence. If Port Hamilton loses control over its scaffolding, it will take a minimum of 4–5 months to replace and that delay would be likely to cause both investors to walk away until the scaffolding issue is resolved and Port Hamilton can represent that it has the necessary scaffolding to do the work needed to restart the refinery. *See* Exhibit 2, Declaration of David Johnson. Thus, the evidence of irreparable injury is enhanced now when compared to when the Superior Court considered that issue nearly a month ago.

Port Hamilton respectfully submits that the Court should find, as did the Superior Court, that all of the requirements for issuance of a TRO are met.

### B. GOOD CAUSE TO EXTEND THE TRO EXISTS.

A temporary restraining order can be extended beyond its initial duration for "good cause shown." Fed. R. Civ. P. 65(b). The rule requires that "[t]he reasons for the extension . . . be entered of record." *Id.* In a case with a analogous procedural history, the court found good cause existed to extend the TRO because "absent an extension, Defendants will have been able to overcome continued injunctive relief simply by removing the case to this federal forum. *Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1009 (S.D. Ohio 2007). In *Am. Sys. Consulting*, the court observed that "Defendants' actions prevented that hearing and therefore continued the injunction until it would otherwise expire." *Id.* The TRO was scheduled to expire the day of the hearing (and the day of removal). *Id.* The court recognized "[i]t would be inequitable

for Plaintiff to lose a lawfully obtained injunction issued by the state court simply based on the circumstances of scheduling issues" and an injunction "should continue or not based on its merits, not as a result of strategy." *Id.* at 1010.[6] So too, here.

For the foregoing reasons, Port Hamilton respectfully submits that the Court should grant its motion and extend the TRO in this matter until an evidentiary hearing on the motion for preliminary injunction can be held. A proposed order is attached.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining & Transportation, LLLP

Dated: September 20, 2024

  /s/ Andrew C. Simpson
By: Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com

---

[6] *Accord Diagnostic Devices, Inc. v. Cap. Growth Asset Based Bridge Loan Fund II, LLC*, No. 3:10-CV-48-MU, 2010 WL 565263, at *1 (W.D.N.C. Feb. 12, 2010) (where removal of action prevented state court from holding preliminary injunction hearing, good cause existed to extend the TRO); *Omaha Interlock, Inc. v. Alcohol Detection Sys. Tech., LLC*, No. 8:21CV08, 2021 WL 149060, at *2 (D. Neb. Jan. 15, 2021) (same). Courts have also found an extension is warranted where, despite the diligence of the parties, additional time is necessary to prepare for a preliminary injunction hearing. *See, e.g., Flying Cross Check, L.L.C. v. Central Hockey League, Inc.*, 153 F.Supp.2d 1253, 1260–61 (D.Kan.2001).

6