**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PORT HAMILTON REFINING & TRANSPORTATION, LLLP,**<br><br>**PLAINTIFF,**<br><br>VS.<br><br>**NATIONAL INDUSTRIAL SERVICES, LLC**<br><br>**DEFENDANT.** | **CASE NO. 1:24-CV-00023**<br><br>**ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION** |

**ORDER [PROPOSED] EXTENDING TEMPORARY RESTRAINING ORDER**

This matter was removed to this Court on September 18, 2024. That same date, a TRO entered by the Superior Court of the Virgin Islands was set to expire. The TRO was originally entered on August 23, 2024 (Doc. No. 1-6) and extended on September 10, 2024. On September 18, 2024, prior to the case being removed, the Superior Court orally extended the TRO for five business days, and stated it was doing so to give this Court the time needed to decide whether to keep the TRO in place. The TRO is presently scheduled to expire on September 25, 2024.

Plaintiff, Port Hamilton Refining & Transportation, LLLP ("Port Hamilton"), moves for an extension of the TRO. While the Court gives deference to the findings of the Superior Court in support of issuance of the TRO, it has conducted its own independent review, including examining the Opposition to the Motion for Temporary Restraining Order filed by NIS after the Superior Court granted the TRO as well as the Declaration

1

of David Johnson, a Board Member and Director of Port Hamilton submitted with Port Hamilton's motion to extend the TRO. The Court agrees with the Superior Court that the elements required to support a temporary restraining order are met.

Port Hamilton has also shown good cause for extending the TRO as required by Fed. R. Civ. P. 65, in as much as it is only the actions of the Defendant, National Industrial Services, LLC ("NIS"), that prevented the Superior Court from proceeding with a schedule preliminary injunction hearing on the date the case was removed to this Court. *See, e.g., Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1009 (S.D. Ohio 2007) (where removal of action prevented state court from holding preliminary injunction hearing, good cause existed to extend the TRO); *Diagnostic Devices, Inc. v. Cap. Growth Asset Based Bridge Loan Fund II, LLC*, No. 3:10-CV-48-MU, 2010 WL 565263, at *1 (W.D.N.C. Feb. 12, 2010) (same); *Omaha Interlock, Inc. v. Alcohol Detection Sys. Tech., LLC*, No. 8:21CV08, 2021 WL 149060, at *2 (D. Neb. Jan. 15, 2021) (same).

The premises considered, it is **ORDERED** that the Temporary Restraining Order entered by the Superior Court of the Virgin Islands is extended until such time as the evidentiary hearing on the request for a preliminary injunction is held. It is further **ORDERED** that a preliminary injunction hearing is scheduled for _____, 2024. And it is finally **ORDERED** that the parties shall confer by _____, 2024 and inform the Court within two days thereafter whether they wish to combine the preliminary injunction hearing with the final hearing on the merits and, if so, submit a proposed discovery schedule for same.

**SO ORDERED.**

Date: _____, 2024

_____
WILMA A. LEWIS
District Judge