DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING & TRANSPORTATION, LLLP,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL INDUSTRIAL SERVICES, LLC,<br><br>Defendant. | CASE NO.: 1:24-CV-00023<br><br>ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |

**DEFENDANT, NATIONAL INDUSTRIAL SERVICES, LLC'S OPPOSITION TO AND REQUEST FOR HEARING ON PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**

Defendant, National Industrial Services, LLC ("Defendant") files its Opposition and Request for Hearing on Plaintiff Port Hamilton Refining and Transportation LLLP's ("Plaintiff") incorrectly styled Emergency Motion to Extend Temporary Restraining Order ("Plaintiff's Motion") and states as follows:

As of this filing, it has been **thirty-one (31) days** since Defendant was improperly enjoined from securing, maintaining, and protecting Defendant's scaffolding (the "Scaffolding"). Defendant has still not been properly heard on this matter, and Plaintiff has still not posted a bond securing Defendant's rights. Now, Plaintiff asks this Court to allow this abuse of process to continue without a hearing. This must stop.

As noted in Defendant's Motion to Transfer [Doc. No. 9], this matter turns entirely on whether Plaintiff purchased the Scaffolding through the bankruptcy proceedings in the Southern District of Texas (the "Home Court") three years ago. It did not.

1

This matter could have been quickly addressed had Plaintiff filed in the proper forum—the Home Court. Instead, Plaintiff attempts to avoid the exacting scrutiny of the bankruptcy courts and continues to interfere with Defendant's property rights. This behavior should not be rewarded. Defendant respectfully requests this Court rule on Defendant's Motion to Transfer and send this matter to the court that retained jurisdiction over it—the Home Court. Should the Court intend to consider Plaintiff's request for extraordinary relief, Defendant requests a hearing, as the fourteen (14) days for temporary relief allowed under the Federal Rules have long since expired.

## I.  Defendant's Motion to Transfer Should Be Decided First

Prior to hearing of Plaintiff's Motion, the Court should first rule on Defendant's Motion to Transfer [Doc. No. 9.]. Third Circuit courts routinely resolve motions to transfer prior to other motions in bankruptcy matters. *See, i.e.*, *Waleski v. Montgomery, McCracken, Walker, & Rhoads, LLP.*, Case No. 3:18-cv-1144, 2018 WL 6977719, at *10 (M.D. Pa. Dec. 10, 2018) ("[W]here a party's claims either arise out of or relate to a bankruptcy proceeding that is pending or was administered in another court, courts have generally found that motions to transfer venue should be considered before a motion for remand or dismissal."); *see Res. Club, Ltd. v. Designer License Holding Co., LLC*, Case No. 10-412, 2010 WL 2035830, at *3-4 (granting motion to transfer venue to bankruptcy court and deferring to bankruptcy court to decide motion to remand); *Thomason Auto Grp., LLC v. China Am. Coop. Auto., Inc.*, Case No. 08-3365, 2009 WL 512195, at *4-6 (D.N.J. Feb. 27, 2009) (same).

In addition to following the guidance of the only relevant case law, ruling first on Defendant's Motion to Transfer is appropriate for at least three further reasons. First, the propriety of Plaintiff's outrageous attempt to stop Defendant from controlling Defendant's own property can be quickly adjudicated by the Home Court, as the Home Court has retained jurisdiction and has

2

the case familiarity to efficiently review exactly these types of matters. Second, ruling in favor of transfer after issuing other orders risks the entry of conflicting orders. Finally, deciding the Motion to Transfer is efficient, as it will immediately indicate which court will adjudicate Plaintiff's proposed motion for remand, Defendant's preliminary motions, and the case management of this matter.

**II.     Plaintiff Knowingly Misstates the Procedural Posture of this Improper Request for Extraordinary Relief.**

Defendant is an innocent party, and its property rights are being trampled upon pursuant to Plaintiff's bad faith attempt to force a settlement upon it. As of this filing, it has been thirty-one (31) days since the Superior Court "temporarily" restrained Defendant from exercising Defendant's property rights. By September 25, 2024, the date at which the temporary order expires, it will have been thirty-three (33) days, far in excess of the fourteen (14) days provided for by Fed. R. Civ. P, R. 65.

Importantly, Plaintiff's legal maneuvering puts Defendant's property and the public at risk. Defendant needs access to inspect, disassemble, and protect the scaffolding to ensure that it is not destroyed and that the public is safe from it during the height of hurricane season. *See*, Declaration of Darrin Drake, ¶ 5,13. Adding insult to injury, due to Plaintiff's improper filing in a state court, Defendant has *still* not been properly heard on this matter.

Moreover, Plaintiff has still yet to post a bond—again—in violation of Fed. R. Civ. P., R. 65. *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 609 (3d Cir. 2024) ("When granting a preliminary injunction, a court must also impose a bond "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined.") (citing Fed. R. Civ. P., R. 65(c)).

3

Plaintiff's request is not for an "extension" of a *temporary* restraining order, but a request that this Court ignore the Federal Rules. The relief Plaintiff plainly seeks is a *preliminary injunction* pursuant to Fed. R. Civ. P., R. 65, and Plaintiff does not and cannot show by clear evidence that it meets the heavy burden for that extraordinary relief.

Through this Opposition, Defendants request a hearing pursuant to Fed. R. Civ. P., R. 65 on this matter prior to the entry of any further extraordinary relief. Given that it has been more than a month that Defendant has been improperly enjoined.

## II. Plaintiff Fails to Meet Plaintiff's Extraordinary Burden for a Preliminary Injunction.

Preliminary injunctive relief is an "extraordinary remedy, which should be granted only in limited circumstances." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (internal quotation marks and citations omitted). To prevail on a motion for a temporary restraining order or preliminary injunction, the moving party is required to demonstrate all four of the following elements: "(1) a reasonable probability of success on the merits; (2) that she will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that public interest favors such relief." *Beberman v. Blinken*, Case No. CV 2023-0036, 2023 WL 5836059, at *2 (D.V.I. Sept. 8, 2023); *see N.J. Retail Merchs. Ass'n v. Sidamon-Eristoff*, 669 F.3d 374, 385-86 (3d Cir. 2012). The "failure to establish any element . . . renders a preliminary injunction inappropriate." *Beberman v. United States Dep't of State*, 675 Fed.Appx. 131, 133 (3d Cir. 2017) (quoting *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999)). "The first two factors are the most 'critical.' If both are present, the court then considers the others." *Boynes v. Limetree Bay Ventures LLC*, 110 F. 4th 604, 609 (3d Cir. 2024) (citing *Nken v. Holder*, 556 U.S. 418, 434, 129 S. Ct. 1749, 173 L. Ed. 2d 550 (2009)). Critically, the movant

bears the burden of showing that these four factors weigh in favor of granting the injunction. *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

### A. Plaintiff Cannot Show Irreparable Harm.

The Third Circuit places "particular weight" on "irreparable harm" and the "likelihood of success on the merits." *Apollo Technologies Corp. v. Centrosphere Industrial Corp. ("Apollo")*, 805 F. Supp. 1157, 1191 (D. N.J. 1992) ("We cannot sustain a preliminary injunction ordered by the district court where either or both of these prerequisites are absent.") (quoting *Hoxworth v. Blinder, Robinson & Co.,* 903 F.2d 186, 197 (3d Cir. 1990) (citations omitted)). "If the movant fails to demonstrate an imminent risk of irreparable harm, that is 'a sufficient ground' upon which to deny a TRO/preliminary injunction." *Flagstar Bank, FSB v. Walcott*, Case No. CV 2018-0037, 2023 WL 5507428, at *3 (D.V.I. Aug. 24, 2023) (denying emergency motion for injunctive relief from property foreclosure sale, holding the movant lacked a reasonable probability of success on the merits and demonstrated no evidence of irreparable harm, as she failed to show an imminent threat of homelessness or an inability to secure alternative housing, rendering her claims speculative, and determining that enjoining the foreclosure sale would cause undue harm to non-movant which was entitled to enforce its valid debt) (quoting *Beberman v. U.S. Dep't of State*, 675 F. App'x 131, 134 (3d Cir. 2017)); *see also ACE Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 Fed. Appx. 727, 732 (3d Cir. 2009) (opining "[a] failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction.") (citing *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989)); *NutraSweet Co. v. Vit-Mar Enters., Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("In the absence of irreparable injury, no preliminary injunction would lie, even if the other three elements ... were found.").

The third Circuit takes a strict view of what constitutes irreparable injury. *Apollo*, 805 F. Supp. at 1206 ("The circuit has towed a similarly strict line on what constitutes irreparable injury."). "Irreparable harm is 'potential harm [that] cannot be redressed by a legal or an equitable remedy following a trial.'" *Beberman* at *3 (quoting *Instant Air Freight Co. V. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989). Therefore, to "show irreparable harm, the movant must demonstrate potential harm which cannot be remedied by a legal or an equitable remedy after a trial, which means that the preliminary injunction is the only way to protect the movant from harm." *Moses v. Lake*, No. 3:22-CV-0063, 2023 WL 4546242, at *4 (D.V.I. July 14, 2023) (citing *Siemens USA Holdings Inc v. Geisenberger*, 17 F.4th 393, 408 (3d Cir. 2021)). Additionally, "[t]he 'requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *Id.* at 91-92 (quoting *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

The Third Circuit has stated that: "This is not an easy burden." *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 485 (3d Cir. 2000). Plaintiff must "demonstrate a significant risk that he or she will experience harm that cannot adequately be compensated after the fact by monetary damages." *Id.* at 484-85. Accordingly, it is clear that this Court has "long held that an injury measured in solely monetary terms cannot constitute irreparable harm." *Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.*, 562 F.3d 553, 557 (3d Cir. 2009).

"[P]roperty rights must have a 'unique nature' to support a claim for irreparable harm." *Davis v. Potter*, No. CV 2022-0062, 2024 WL 1367827, at *6 (D.V.I. Mar. 30, 2024); *see Moses v. Lake*, Case No. 3:22-CV-0063, 2023 WL 4546242, at *9-10 (D.V.I. July 14, 2023) (denying preliminary injunction request where movant failed to demonstrate irreparable harm or a likelihood

6

of success on the merits, finding the disputed property was not "unique nature" despite containing fruit trees planted during the plaintiffs' childhoods).

The sole harm alleged by Plaintiff in attempting to meet the heavy burden of showing *irreparable* injury is that "within the last two weeks" Plaintiff started discussions with "potential investors" into its business and needs Defendant's Scaffolding to restart Plaintiff's business. *Mot.*, p. 4 – 5. *That's it.*

In this Circuit, the loss of business or potential business does not constitute irreparable harm. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 798 – 801 (3d Cir. 1989) (holding that injunctive relief was inappropriate because plaintiff's claim that it would be forced to shut down or curtail its business operations was not sufficient evidence of irreparable injury); *In re Aurthor Treachers Franchisee Litig*, 689 F2d 1137, 1141 (3d Cir 1982) (holding that, even where a plaintiff argues that it would be forced out of business without injunctive relief, the requested injunctive relief should not be granted).

Again, Plaintiff's alleged injuries come nowhere close to high burden of showing irreparable injury. If successful in this matter, everything Plaintiff is seeking in this matter could be remedied by money damages. Compare for example, this Court's order, affirmed by the Third Circuit, that Lime Tree Bay Terminals give bottled water to residents of St. Croix impacted by the refinery causing substantial damage to our local water supply. *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 609 (3d Cir. 2024). *That* was irreparable harm. *This* is about money.

**B. Plaintiff Cannot Show Substantial Likelihood of Success on the Merits As There Are Many Disputed Issues of Fact**

A moving party cannot meet its burden of showing substantial likelihood of success on the merits where there are disputed issues of fact. *Hunterdon Transformer Co. v. Cook,* Case No. 89-3132, 1990 U.S. Dist. LEXIS 1382, *3-4 (D.N.J. 6 Feb. 1990) (citations omitted). The Third

7

Circuit has long held that injunctive relief will be withheld when there are facts in dispute that render the legal right underlying plaintiff's claims unsettled. *Charles Simkin & Sons, Inc. v. Massiah*, 289 F.2d 26, 29 (3d Cir. 1961) (finding that disputed issues of fact will preclude an award of injunctive relief); *Oxford House-Evergreen v. Plainfiel*, 769 F. Supp. 1329, 1343 (D.N.J. 1991) (finding that a "sufficient question of fact" will bar an award of injunctive relief.).

In *Beberman v. U.S. Department of State*, this Court decisively denied a Foreign Service Officer's request for a Temporary Restraining Order to maintain an embassy assignment, emphasizing that the officer could not substantiate her claims of age discrimination. *Beberman v. U.S. Dep't of State*, Case No. CV 2014-0020, 2016 WL 1181684, at *4 (D.V.I. Mar. 24, 2016) (*aff'd sub nom. Beberman v. United States Dep't of State*, 675 F. App'x 131, 135 (3d Cir. 2017)); *see also Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F. Supp. 2d 853, 863, 864 (S.D. Ohio 2008) (denying TRO motion based on a "question of fact that the Court cannot resolve at this time" and therefore plaintiff "could not establish a strong likelihood of success on the merits."); *Blue Planet Software, Inc. v. Games Int'l, LLC*, 334 F. Supp. 2d 425, 438-39 (S.D.N.Y. 2004) (fact issue that could not be resolved by the stage of litigation precluded either party demonstrating likelihood of success on the merits). This denial in *Beberman* was predicated on the inability to conclusively resolve factual disputes at the preliminary stage, underscoring the principle that when factual uncertainties persist, they inherently favor the denial of injunctive relief. *Id.* This ruling is instructive, as it highlights this Court's reluctance to grant extraordinary measures like a TRO when the plaintiff's likelihood of success on the merits is not clearly evidenced.

Here, the central issue of Plaintiff's claim is whether Plaintiff purchased Defendant's Scaffolding through the bankruptcy proceedings. Plaintiff and Defendant have vigorous opposing views as to what is listed on the bankruptcy Asset and Purchase Agreement ("APA"). What's listed

on that piece of paper is the central fact at dispute in this matter. Similarly, Defendant disputes, *inter alia* and by way of example only, the following factual contentions listed in Plaintiff's complaint:

1. "Only 39 days later, on February 12, 2016—before LBT had even had an opportunity to create a standardized letterhead—LBT entered into an agreement such as described in paragraph 9 of this complaint, that sold the entirety of scaffolding within the facility that LBT had purchased through the bankruptcy proceeding to NIS, subject to a right to repurchase all of the scaffolding for one dollar." *Compl.*, ¶ 7.

2. "There is well over $6 million in scaffolding and scaffolding equipment currently within the boundaries of the oil refinery/terminal facility that is subject to these agreements allowing Port Hamilton to repurchase the scaffolding and scaffolding equipment from NIS for one dollar." *Compl.*, ¶ 20.

3. "In 2018, LBT created a related entity, LBR and transferred ownership of the refinery and all of its associated equipment—including the right to repurchase the scaffolding within the facility—to LBR." *Compl.*, ¶ 21.

4. "The surrender of the right to repurchase well over $7 million of scaffolding for one dollar served no commercial purpose of LBR and indeed, if such a surrender were valid, would require LBR to re-enter the market to purchase an equivalent amount of scaffolding to serve LBR's requirements, which a that time were particularly high, given that the entire refinery was undergoing a multi-billion dollar upgrade." *Compl.*, ¶ 24

5. "Exhibit 3, the fraudulent letter and bill of sale purporting to surrender LBR's rights to repurchase its scaffolding for one dollar was not on the letterhead used by LBR (or LBT) in 2019." *Compl.*, ¶ 33

6. "The letterhead used for the fraudulent letter and bill of sale was a copy of the temporary letterhead that LBR used in Exhibit 1 after it first purchased the refinery out of the Hovensa bankruptcy, but with "Limetree Bay Refining, LLC" added below "Limetree Bay Terminals, LLC". *Compl.*, ¶ 34

7. "Falterman apparently signed the fraudulent bill of sale with a false representation that he was "manager" of both LBT and LBR." *Compl.*, ¶ 35

This is just a sample of the seriously questionable factual underpinnings of Plaintiff's Complaint. And, while Defendant correctly states in the Motion to Transfer that this is merely a question of whether or not the Scaffolding was included in the bankruptcy sale, Plaintiff's theory relies upon proving all of these facts all of which are in serious dispute. As there are multiple,

serious questions of fact at issue in this matter, Plaintiff cannot show substantial likelihood of success on the merits, and Plaintiff request for injunctive relief is therefore barred.

### C. The Balance of Equities Tip in Favor of Defendant and Against the Request for Extraordinary Relief.

Plaintiff can show neither irreparable injury nor substantial likelihood of success on the merits and, therefore, this analysis is done. *Hoxworth v. Blinder, Robinson & Co.,* 903 F.2d 186, 197 (3d Cir. 1990) (holding that absent a showing of irreparable injury *and* substantial likelihood of success, the other factors are not considered). Even so and to be clear, the balance of the equities tip decidedly in favor of denying Plaintiff's request for extraordinary relief.

In deciding whether injunctive relief is appropriate, the hardships to the respective parties must be balanced. *Apollo Technologies Corp. v. Centrosphere Industrial Corp.*, 805 F. Supp. 1157, 1191 (D. N.J. 1992). The purpose behind this balancing is to ensure that the issuance of an injunction would not harm the defendant more than a denial would harm the plaintiff. *Id.*

Here, Defendant would be substantially harmed if Plaintiff's request for extraordinary relief is granted. If the relief is granted, Defendant will be unable to inspect, protect, move, disassemble and store its multi-million-dollar asset—the scaffolding. Specifically, this *will* cause the following harm:

(1) As hurricane season continues, Defendant must disassemble the Scaffolding and protect it. The public is at risk if Defendant does not take this action. *See*, Declaration of Darrin Drake, ¶ 5, 13.

(2) Defendant, in order to comply with OSHA and EPA regulations and orders, must have access to the Scaffolding and ensure its safety. This is required by regulators of Defendant right now. *See*, Declaration of Darrin Drake, ¶ 3, 4, 7.

(3) Defendant is required to indemnify Plaintiff if the Scaffolding gives rise to any liability including, but not limited to, personal injury. If Defendant cannot maintain the Scaffolding, secure it, and ensure its safe use, Defendant incurs potential liability everyday this relief is prolonged.

(4) Defendant, in order to comply with OSHA regulations, must be able to dismantle, inspect, repair and maintain its Scaffolding. See, Declaration of Darrin Drake, ¶7.

Whereas Plaintiff's alleged harm is merely money that could be awarded at the end of this case. Defendant's harm is immediate in that it creates actual problems with protecting Defendant's asset from the elements, natural disasters, compliance with federal regulators, protecting the public and preserving and maintaining their asset from deterioration. A clearer case of the balance of the equities tipping against a grant of extraordinary relief would be difficult to surmise.

**D. The Public Interest Is Threatened By Plaintiff's Actions.**

Defendant needs access to the Scaffolding to ensure that it is secured and safe. *See*, Declaration of Darrin Drake, ¶ 5, 10, 11, 13. If Defendant cannot secure the Scaffolding and move it as necessary, employees at both the refinery and the port and the public at large are at risk as we head into the height of hurricane season. *See*, Declaration of Darrin Drake, ¶ 5, 11, 13. Plaintiff can offer no public purpose that might be served by putting that very public at risk. Further, Defendant is required to indemnify Plaintiff for any incidents of harm that occur due to use of the Scaffolding. If Defendant is unable to inspect, maintain, and repair the Scaffolding, the risk of harm to those using the Scaffolding increases as does the risk that Defendant will be responsible for indemnifying Plaintiff for such injuries which could be avoided by simply allowing Defendant to maintain their property.

## CONCLUSION

Defendant, National Industrial Services, LLC respectfully requests this first rule on Defendant's Motion to Transfer Venue and grant that motion. If necessary, Defendant requests that the Court deny Plaintiff's request for extraordinary relief or otherwise order a hearing on the matter.

## **CERTIFICATE OF GOOD FAITH CONFERENCE**

I hereby certify that counsel for the movant has conferred with all parties or nonparties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Respectfully submitted,

Dated: September 23, 2024

/s/Kevin F. D'Amour
KEVIN F. D'AMOUR, ESQ.
kdamour@usvilawfirm.com
VI Bar No. 288
BARNES, D'AMOUR & VOGEL
P.O. Box 224589
St. Croix, VI 00822
Tel: (340) 773-2785/Fax: 774-8189
*Attorneys for Defendant, National Industrial Services, LLC*