IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **PORT HAMILTON REFINING & TRANSPORTATION, LLLP,**<br><br>PLAINTIFF,<br><br>VS.<br><br>**NATIONAL INDUSTRIAL SERVICES, LLC**<br><br>DEFENDANT. | CASE NO. 1:24-CV-00023<br><br>ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |

**DECLARATION OF ANDREW C. SIMPSON**

I, Andrew C. Simpson, do hereby declare and say:

1. I am making this declaration in St. Croix, U.S. Virgin Islands, am over the age of majority, and have personal knowledge of the facts set forth in this Declaration.

2. I attended the August 28, 2024 preliminary injunction evidentiary hearing in the Superior Court as counsel for Port Hamilton Refining and Transportation, LLLP ("Port Hamilton").

3. At that hearing, NIS was represented by Attorney Kevin D'Amour.

4. I do not yet have the transcript of that hearing, but at the beginning of the hearing, Attorney D'Amour made an oral motion to dismiss, claiming that the case fell within the exclusive jurisdiction of the bankruptcy court in Houston that presided over the Limetree Bay Refining, LLC bankruptcy.

5. The basis for this oral motion was a recent order from the bankruptcy court that set up a procedure for the LBR Liquidating Trustee to object on an omnibus basis to the over 3,000 claims filed by individuals arising out of the pollution incidents at LBR in early 2021.

6. After approximately an hour of argument on the jurisdictional issue, during which time the argument about jurisdiction morphed from the recent order described above to other jurisdictional issues, the Superior Court stated that it

**Exhibit 3**

would take the jurisdictional issue under advisement and proceed to the evidentiary hearing.

7. At that time, NIS announced that it was not prepared to go forward.

8. After a colloquy with the court and counsel, the Court obtained the parties' agreement to continue the August 23, 2024 Temporary Restraining Order until September 18, 2024, when the Court would reconvene the evidentiary hearing.

9. NIS, through Attorney D'Amour, expressly agreed on behalf of NIS that the court could keep the TRO in place until September 18, 2024.

10. During that August 28, 2024 hearing, NIS argued that it needed to secure the scaffolding it had loaded on 8 flat rack shipping trailers that was held within the boundaries of the refinery/terminal facility by virtue of the TRO in order to secure it from Hurricanes. It also argued that it needed access to scaffolding that was deployed (in use) inside of refinery process units for purposes of securing same for a hurricane.

11. At that same hearing, Port Hamilton agreed to allow NIS to secure the scaffolding that had been prepped for shipping and was not in use. And it agreed to allow the scaffolding within process units to be secured for a hurricane *if* a hurricane was approaching and Port Hamilton implemented its hurricane protection plan.

12. Both Attorney D'Amour and I were present at the September 18, 2024 hearing.

13. Port Hamilton had flown in two witnesses to testify at the hearing and was prepared to go forward.

14. The September 18, 2024 hearing began with further argument on jurisdiction (with NIS now pursuing a different jurisdictional argument than the one it had originally made on August 28, 2024).

15. The Superior Court then denied the jurisdictional motion and stated its intention to commence with the evidentiary hearing.

16. At that time, NIS announced that it was proceeding to remove the case to this Court and asked for an hour to give it time to get the removal documents filed.

17. The Court gave NIS the requested time and NIS filed its removal papers, thereby depriving the Superior Court of jurisdiction and preventing it from proceeding to the evidentiary hearing.

**Exhibit 3**

18. The foregoing statements are made under oath and under the pains and penalties of perjury.

_____
Andrew C. Simpson

**Exhibit 3**