IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| PORT HAMILTON REFINING & TRANSPORTATION, LLLP,<br><br>　　　　PLAINTIFF,<br><br>vs.<br><br>NATIONAL INDUSTRIAL SERVICES, LLC<br><br>　　　　DEFENDANT. | CASE NO. SX-2024-CV-00282<br><br>ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |

ORDER [PROPOSED] ON EMERGENCY MOTION
FOR TEMPORARY RESTRAINING ORDER

　　This matter is before the Court on Port Hamilton Refining & Transportation, LLLP's ("Port Hamilton") verified complaint, emergency motion for temporary restraining order and memorandum in support of motion. Port Hamilton seeks a temporary restraining order that will maintain the status quo and require National Industrial Services, LLC ("NIS") to cease all efforts to remove scaffolding and scaffolding-related equipment from either the Port Hamilton Refinery or from the adjacent Terminal facility owned by Limetree Bay Terminals, LLC or from the island of St. Croix; (2) directing it to provide a full and complete inventory of all scaffolding and scaffolding-related equipment that it has removed from St. Croix since January 1, 2021 to the present (including specifically identifying the locations where such equipment is presently stored); and (3) ordering it to keep all scaffolding

1

**Exhibit 4**

and scaffolding-related equipment that it has removed from St. Croix since January 1, 2021 in its present location in a safe and secure manner.

Port Hamilton's verified complaint affirms that it has a right of ownership over the scaffolding in question and that if the scaffolding is removed, it will substantially delay Port Hamilton's ability to restart the refinery, which in turn will discourage investors needed to support the restart, which in turn would cause the refinery to be unable to restart and result in its sale for scrap rather than operation a refinery. Based upon Port Hamilton's averments, the Court finds that the above injury is irreparable. V.I. R. Civ. P. 65(b)(2).

Port Hamilton has established a prima facie case that it is likely to prevail on the merits of its claim that it owns the scaffolding and scaffolding-related equipment and that NIS has no right to remove same or exercise any control or custody over it.It has also established that if the invitees are denied access, irreparable harm as described above is likely to occur. It has also shown that any harm to NIS will be *de minimis*.

Port Hamilton has certified that it has given notice to NIS by emailing a copy of the verified complaint, emergency motion for temporary restraining order, memorandum in support of motion, and proposed order to Jeffrey Nations, the principal of NIS and to its counsel, Kevin D'Amour. Accordingly, under V.I. R. Civ. P. 65(b), this Order is issued "with notice" to NIS.

The premises considered, the Court finds that Port Hamilton has established all of the elements necessary for a temporary restraining order to issue and that all

**Exhibit 4**

four elements weigh in favor of granting a restraining order. Accordingly, it is **ORDERED** that Port Hamilton's motion is **GRANTED**; and it is **FURTHER ORDERED** that:

1. National Industrial Services, LLC shall cease all efforts to remove scaffolding and scaffolding-related equipment from either the Port Hamilton Refinery or from the adjacent Terminal facility owned by Limetree Bay Terminals, LLC or from the island of St. Croix;

2. National Industrial Services shall provide a full and complete inventory of all scaffolding and scaffolding-related equipment that it has removed from St. Croix since January 1, 2021 to the present (including specifically identifying the locations where such equipment is presently stored and file it with the Court no later than August ____, 2024; and

3. Nation Industrial Services shall keep all scaffolding and scaffolding-related equipment that it has removed from St. Croix since January 1, 2021 in its present location in a safe and secure manner.

It is **FURTHER ORDERED** that because any damage to Ocean Point as a result of the issuance of this restraining order will be *de minimis*, Port Hamilton shall provide security in the form of a bond or deposit in the registry of the Court in the sum of $2,000 to cover such potential damages.

It is **FURTHER ORDERED** that this Temporary Restraining Order shall expire 14 days after it is entered unless the Court extends it for good cause or National Industrial Services consents to a longer extension; and

**Exhibit 4**

It is **FINALLY ORDERED** that this matter shall come on before the Court for a preliminary injunction hearing on _____ , 2024 at _____, __.m. via Zoom.

Pursuant to V.I. R. Civ. P. 65(b)(2), this Order is entered on August __, 2024 at _____, __.m.

**SO ORDERED**

                                                                  _____
                                                                  Judge of the Superior Court

ATTEST:
TAMARA CHARLES
Clerk of the Court

_____
By:

    Deputy Clerk

**Exhibit 4**