IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **PORT HAMILTON REFINING & TRANSPORTATION, LLLP,**<br><br>PLAINTIFF,<br><br>VS.<br><br>**NATIONAL INDUSTRIAL SERVICES, LLC**<br><br>DEFENDANT. | CASE NO. 1:24-CV-00023<br><br>ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |

**OPPOSITION TO MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff, Port Hamilton Refining & Transportation, LLLP ("Port Hamilton"), opposes National Industrial Services, LLC's ("NIS") motion for leave to file a surreply as there is no legitimate basis for allowing a surreply. NIS also failed to comply with LRCi 7.1(f) but not seeking concurrence on filing a surreply prior to filing its motion.

NIS's motion is meritless. It accuses Port Hamilton of "arguing facts that it has never argued previously." NIS Motion at 2. But as the analysis below shows, Port Hamilton's Reply Memorandum directly addressed arguments that NIS raised in its Opposition Memorandum.

NIS takes umbrage at the following specific aspects of Port Hamilton's Reply:

- Port Hamilton *responded* to the argument made by NIS that irreparable injury might occur due to the threats of hurricanes by pointing out that although NIS claims it needs to secure scaffolding in preparation for hurricanes, it had not

1

taken any steps to do so when it was given that exact opportunity from August 28, 2024 to the present;

- Port Hamilton *responded* to NIS's suggestion that Port Hamilton had "failed" to post a bond by pointing out that it had proposed a bond to the Superior Court; the Superior Court had not required a bond; that NIS had never raised the issue of a bond before its filing of its opposition to the motion to extend the TRO on September 23, 2024; and that NIS had never responded to Port Hamilton's proposed bond despite having numerous opportunities to do so.

Whether to grant or deny leave to file a surreply is entrusted to the discretion of the district court. ***Akers v. Beal Bank***, 760 F.Supp.2d 1, 2 (D.D.C. 2011). But surreplies "'are disfavored because parties are expected to fully and expeditiously address all matters raised in the original motion in their response.'" ***United States v. Brace***, No. 1:17-CV-00006 (BR), 2018 WL 9815248, at *2 (W.D. Pa. Nov. 6, 2018) (quoting ***The Nature Conservancy, Inc. v. Louisenhoj Holdings, LLC***, 2014 WL 3509046, at *2 (V.I. Super. July 8, 2014)).

NIS correctly notes that a court may exercise its discretion and allow a surreply to "allow the non-moving party the opportunity to respond to arguments raised for the first time in the movant's reply." NIS motion at 2. But Port Hamilton did not raise arguments for the first time in its reply—it *responded* to arguments raised by NIS. That is the very purpose of a reply memorandum. When a reply memorandum does not raise new issues, a court will normally deny leave to file a surreply. ***Southco, Inc. v. Penn Eng'g & Mfg. Corp.***, 768 F. Supp. 2d 715, 721 (D. Del. 2011) ("Because Southco

2

did not raise new arguments in its Reply Brief, the Court concludes that the filing of PEM's Surreply Brief is unnecessary.").

## CONCLUSION

If replying to an issue raised for the first time by the party opposing a motion was good grounds for a surreply, the Court would see an explosion of motions seeking leave to file surreplies. NIS raised the issues that Port Hamilton replied to. NIS now apparently regrets opening that door or perhaps regrets not going into greater detail on the issues it raised. But those are not grounds for filing a surreply. NIS's motion should be denied.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining & Transportation, LLLP

Dated: September 26, 2024

/s/ Andrew C. Simpson
By: Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com