IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **PORT HAMILTON REFINING & TRANSPORTATION, LLLP,**<br><br>PLAINTIFF,<br><br>VS.<br><br>**NATIONAL INDUSTRIAL SERVICES, LLC**<br><br>DEFENDANT. | CASE NO. 1:24-CV-00023<br><br>ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |

**PORT HAMILTON'S MOTION TO RECONSIDER
ORDER DIRECTING TRANSFER OF CASE (DOC. NO. 20)**

Port Hamilton Refining and Transportation, LLLP ("Port Hamilton") moves pursuant to LRCi 7.3(a)(3) to reconsider this Court's order (Doc. No. 20) transferring this matter to the Southern District of Texas and denying Port Hamilton's motion to remand because the Bankruptcy Division of the Southern District of Texas recently rendered a decision interpreting the Sale Order in a related context and abstained from deciding the territorial law ownership issues. *See* Exhibit 1. As such, it is clear that a transfer of the case is no longer appropriate.

**STANDARD FOR RECONSIDERATION**

To prevail on a motion for reconsideration, a party must show (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct clear error of law

1

or fact or to prevent manifest injustice." Here, because the "Home Court" has already elected to refrain from deciding issues of territorial law in a similar case, it would be manifest injustice to transfer the case to that court.

## ARGUMENT

In a similar case, Limetree Bay Terminals, LLC d/b/a Ocean Point Terminals ("Ocean Point") filed a motion to transfer a dispute over ownership of assets that transferred via the Sale Order entered in the Limetree Bay Refining, LLC ("LBR") bankruptcy, a case pending in the Bankruptcy Division of the Southern District of Texas as Case No. 4:21-bk-32351). Ocean Point also filed a motion in that case to enforce the bankruptcy Sale Order (Doc. No. 1755 in that case). Essentially, Ocean Point was seeking to have that court (the "Home Court") decide the merits of Port Hamilton's ownership claims that are based upon Virgin Islands law. That court recently ruled on Ocean Point's motion (Exhibit 1) and agreed with Port Hamilton that

- the bankruptcy Sale Order (a) did not determine ownership of LBR's assets and merely transferred whatever assets were owned by LBR to Port Hamilton as the buyer; and
- it would "abstain[] from hearing any argument between Ocean Point and the Purchaser [Port Hamilton] relating to underlying ownership rights of any assets or shared services systems."  Exhibit 1 at 5.

In other words, the "Home Court" determined that the bankruptcy court case was not determinative of the ownership claims made by Port Hamilton and left those issues of territorial law to be decided by the courts of the Virgin Islands.

2

Given that the Court to which this matter has been transferred (by virtue of the Order subject to this motion to reconsider) has already determined that it will not hear issues of Virgin Island law (and has resolved the only issue relating to interpretation of the Sale Order that is potentially applicable to this case), it would be a manifest injustice to transfer this matter to the Southern District of Texas for determination of such issues when that court has already concluded that it should abstain from same.

For the foregoing reasons, Port Hamilton respectfully submits that this Court should reconsider its Order and:

1. Vacate the Order (Doc. No. 20);
2. Deny the motion to transfer (Doc. No. 9) as moot;
3. Grant Port Hamilton's emergency motion to extend the TRO (Doc. No. 11); and
4. Reach the merits of Port Hamilton's motion to remand (Doc. No. 18).

### CERTIFICATE OF COUNSEL PURSUANT TO LRCI 7.3(C)

I express a belief, based on a reasoned and studied professional judgment, that the grounds for reconsideration set forth above are present in this case.

Respectfully submitted,

**ANDREW C. SIMPSON, P.C.,**
Counsel for Port Hamilton Refining & Transportation, LLLP

Dated: October 3, 2024

  /s/ Andrew C. Simpson  
By: Andrew C. Simpson, Esq.
VI Bar No. 451
ANDREW C. SIMPSON, P.C.
2191 Church Street, Suite 5
Christiansted, VI 00820
Tel: 340.719.3900
asimpson@coralbrief.com