DISTRICT COURT OF THE VIRGIN ISLANDS

DIVISION OF ST. CROIX

| PORT HAMILTON REFINING & TRANSPORTATION, LLLP, | CASE NO.: 1:24-CV-00023 |
|---|---|
| Plaintiff, | |
| vs. | ACTION FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION |
| NATIONAL INDUSTRIAL SERVICES, LLC, | |
| Defendant. | |

**DEFENDANT NATIONAL INDUSTRIAL SERVICES, LLCS'
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER ORDER
DIRECTING TRANSFER OF CASE (DOC. NO. 20)**

Defendant National Industrial Services, LLC ("NIS") files this Opposition to Plaintiff Port Hamilton Refining & Transportation, LLP's ("Plaintiff") Motion to Reconsider Order Directing Transfer of Case ("Reconsideration Motion"), and respectfully states as follows:

Plaintiff's latest desperate effort to abuse judicial processes—this time the Reconsideration Motion based upon an order *already before this Court*—must be denied as both improper and meritless. As this Court stated in its Memorandum regarding order granting transfer of this matter to the U.S. District Court for the Southern District of Texas ("Home Court") (the "Transfer Order"), the Home Court "is in the best position to assess whether the Complaint arises out of or relates to a bankruptcy proceeding…" [Doc. No. 21, p. 5]. As noted below, Plaintiff raises nothing new suggesting reconsideration is appropriate—it is not.

Plaintiff's Reconsideration Motion is improper and meritless as it fails to make *any* showing that the Transfer Order was not properly decided by the Court. As stated by this Court in a remarkably similar matter with *the same Plaintiff*: "To prevail on a motion for reconsideration, a party must show (1) an intervening change in the controlling law; (2) the availability of new

1

evidence that was not available when the court issued its order; or (3) the need to correct clear error of law or fact or to prevent manifest injustice*." Port Hamilton Refin. v. Limetree Bay Terminals*, *LLC,* Case No. 2024-0004, 2024 LEXIS 177151, *4-5 (D.V.I. Sept. 30, 2024) (citing *Newrez LLC v. Plaskett*, Civil Action No. 2015-0070, 2024 U.S. Dist. LEXIS 27885, at *2-3 (D.V.I. Feb. 18, 2024) (cleaned up) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also* Local Rule of Civil Procedure 7.3(a) (listing same three grounds). "Reconsideration 'is an extraordinary remedy and should be granted sparingly.'" *Id.* (quoting *Boldrini v. Wilson*, No. CV-11-1771, 2013 U.S. Dist. LEXIS 22249, 2013 WL 619774, at *1 (M.D. Pa. Feb. 19, 2013)).

Plaintiff never states in the Reconsideration Motion which of these three grounds Plaintiff is attempting to satisfy. Rather, Plaintiff attempts to conflate the grounds and, in essence, throw it all against the wall and hope something sticks. Regardless, Plaintiff cannot satisfy any of the grounds to merit reconsideration of the Court's Transfer Order.

<u>First</u>, there has been no change in the law since the Transfer Order, nor does Plaintiff suggest one.

<u>Second</u>, Plaintiff points to an order by the Home Court dated September 16, 2024 as "new." *See*, *In re Limetree Bay Refining, LLC ("LBR")*, Case No. 4:21-bk-32351 (Bkr. S.D. Tex., 2021) (Doc. No. 1755) (Sept. 16, 2024) (the "Home Court Order"). However, that order is not "new" evidence that was not available to the court when the transfer order was issued. By Plaintiff's own admission, this Home Court Order pre-dates the Transfer Order by several weeks and *Plaintiff attached this order to Plaintiff's Remand Motion* [Doc. 19, Ex. 1]. This is far from anything "new."

Third, Plaintiff states that it would be somehow a "manifest injustice" for the Court to transfer this matter to the Home Court. Plaintiff makes this argument while failing to state the

controlling law establishing "clear error" or "manifest injustice." Again, this Court provided that standard *to Plaintiff* in another matter just a few weeks ago: "Under the established law, clear error exists if, after reviewing the evidence, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Newrez*, 2024 U.S. Dist. LEXIS 27885, at *3 (cleaned up) (quoting *Atl. Basin Ref., Inc. v. Arclight Capital Partners, LLC*, Civil Action No. 2015-0071, 2019 U.S. Dist. LEXIS 244620, at *2 (D.V.I. Nov. 7, 2019)). "In the context of a motion to reconsider, manifest injustice generally means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Id.* (quoting *Greene v. Virgin Islands Water & Power Auth.*, No. 06-cv-11, 2012 U.S. Dist. LEXIS 144382, at *2 (D.V.I. Oct. 5, 2012)). "Manifest injustice has also been defined as an error in the trial court that is direct, obvious, and observable." *Id.* (quoting *Greene*, 2012 U.S. Dist. LEXIS 144382, at *2).

Given that the Court was fully apprised of all the evidence (including orders attached to prior motions by Plaintiff now alleged to be "new" by Plaintiff) in deciding the Transfer Order, it is impossible to believe that this Court was somehow (for reasons not explained by Plaintiff) mistaken or overlooked something. Likewise, Plaintiff points to no "error by [this Court] that is direct, obvious, and observable." Rather, Plaintiff's sole assertion is that an order in the same Home Court, after that court *took several substantive actions* resolving disputes between those parties before sending the rest of the *real property* matters back to the Superior Court for resolution somehow precludes transfer and resolution of jurisdictional questions in *this matter* by the Home Court. This is nonsensical. The two disputes are different. The Superior Court is not required in *this matter* to determine any real property rights that may be unique to the U.S. Virgin Islands. This matter can be resolved in its entirety by the Home Court. The Home Court Order the Plaintiff

3

refers to has no bearing whatsoever on *this matter* and, even if it did, the Home Court would be best positioned to interpret its own order and its applicability herein.

As Plaintiff cites no change in the law, no new evidence, no mistake by the Court, or anything approaching clear error by this Court, Plaintiff's motion should be denied.

Dated: October 4, 2024                                   Respectfully submitted,

*/s/*Kevin F. D'Amour
KEVIN F. D'AMOUR, ESQ.
VI Bar No. 288
BARNES, D'AMOUR & VOGEL
P.O. Box 224589
St. Croix, VI 00822
Tel: (340) 773-2785/Fax: 774-8189
kdamour@usvilawfirm.com
*Attorneys for Defendant, National Industrial Services, LLC.*