DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **PORT HAMILTON REFINING AND TRANSPORTATION, LLLP,** | )<br>)<br>) |
| **Plaintiff,** | )<br>)<br>) |
| v. | ) Civil Action No. 2024-0023 |
| **NATIONAL INDUSTRIAL SERVICES, LLC,** | )<br>)<br>)<br>) |
| **Defendant.** | )<br>) |

**Attorneys:**
**Andrew C. Simpson, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Kevin F. D'Amour, Esq.**
St. Thomas, U.S.V.I.
    *For Defendant*

## ORDER

THIS MATTER comes before the Court on Plaintiff Port Hamilton Refining and Transportation, LLLP's ("Port Hamilton") Motion for Reconsideration (Dkt. No. 22) and National Industrial Services' Response in Opposition to the Motion for Reconsideration (Dkt. No. 23). Port Hamilton requests, *inter alia*, that the Court reconsider and vacate its Order dated October 2, 2024. (Dkt. No. 22 at 3). In that Order, the Court, *inter alia*, transferred this action to the Southern District of Texas—the home court of the underlying bankruptcy proceeding—for the ultimate determination of whether bankruptcy jurisdiction exists. (Dkt. No. 20 at 3). Port Hamilton contends that manifest injustice will result from a transfer because, in Port Hamilton's view, the United States Bankruptcy Court for the Southern District of Texas has "abstained from

deciding the territorial law ownership issues" and "has already elected to refrain from deciding issues of territorial law in a similar case." (Dkt. No. 22 at 1-2); *see also* (Dkt. No. 22-1 at 5) (providing Order issued by the United States Bankruptcy Court for the Southern District of Texas in a dispute related to Limetree Bay Refining, LLC's bankruptcy case between Port Hamilton and another party indicating that it will abstain from hearing any argument "relating to underlying ownership rights of any assets or shared services systems").

The Court finds that no manifest injustice will result from the transfer. The Court is transferring this action to the Southern District of Texas so that the home court of the underlying bankruptcy proceedings can determine whether it has and will retain jurisdiction over this matter, or whether some other disposition is appropriate.[1] Whatever the result, it remains the view of this Court that it is for the home court to decide.

UPON CONSIDERATION of the foregoing, it is hereby

**ORDERED** that Port Hamilton's Motion for Reconsideration (Dkt. No. 22) is **DENIED**.

**SO ORDERED**.

Date: October 4, 2024                    _____/s/_____
                                         WILMA A. LEWIS
                                         District Judge

---

[1] As the Court previously noted in its Memorandum Opinion dated October 2, 2024 (Dkt. No. 21), "the Court's transfer 'simply determines which court should make the ultimate decision as to forum' and 'does not foreclose the possibility that this case will be remanded to state court.'" *Id.* at 8 (quoting *Fire Ground Techs., LLC v. Hometown Restoration, LLC*, Civ. A. No. 21-19915, 2022 U.S. Dist. LEXIS 87589, at *7-8 (D.N.J. May 16, 2022)).